IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BLAYDE L. CROCKETT,

    Petitioner,                                 No. CIV S-08-1861 CHS P

    vs.

RICHARD B. IVES,

    Respondent.               <u>ORDER DENYING PETITION</u>

_____/

I. INTRODUCTION AND BACKGROUND

       Petitioner Blayde L. Crockett is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the execution of his 70 month prison term imposed for convictions of conspiracy to defraud the IRS and aiding and assisting in the preparation of false income tax returns. Specifically, petitioner seeks to compel the Bureau of Prisons ("BOP") to lawfully evaluate him for placement in a Residential Re-entry Center ("RRC") to serve the last 12 months of his sentence. The parties have consented to jurisdiction by a United States Magistrate Judge.

/////

/////

1

## II.  DISCUSSION

Pursuant to 18 U.S.C. 3624(c)(1), the Director of BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility."

In claiming that BOP has unlawfully declined to place him in a Residential Re-Entry Center for a full 12 months at the end of his sentence, petitioner is challenging the legality of the manner in which his sentence is being executed.  Thus, the petition is properly brought under 28 U.S.C. §2241.  To receive relief under 28 U.S.C. §2241, a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional manner.  *See e.g.*, *Clark v. Floyd*, 80 F.3d 371, 374 (9th Cir. 1996) (contending time spent in state custody should be credited toward federal custody); *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991) (asserting petitioner should be housed at a community treatment center).

Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants.  *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988).  The basic question in determining mootness is "whether there is a present controversy as to which effective relief can be granted."  *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007).  A §2241 habeas petition brought by a federal inmate alleging that BOP has unlawfully declared him ineligible for placement at a Residential Re-entry Center is rendered moot when BOP places the inmate at an RRC.  *See Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008); *Qureshi v. Sanders*, 563 F. Supp. 2d 1154, 1157 (C.D. Cal. 2008).

Here, petitioner was placed at a Residential Re-Entry Center on March 3, 2009.[1]  (*See* Declaration of Jeffery Anderson, Exhibit 1 to respondent's status report filed 7/22/09.)  He

---

[1] It further appears that petitioner has failed to comply with Local Rule 83-182(f), which requires that a party appearing in propria persona inform the court of any address change.

does not allege the existence of any collateral consequences from the deferral of his RCC placement. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998). Petitioner's claim is moot.

### III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is hereby DENIED.

Dated: August 7, 2009.

_____
CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE